UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANNALISA VIEIRA, individually and on
behalf of her infant child A.V.,                                                21-CV-____

                                    Plaintiffs,                    **COMPLAINT**

                    -against-

ISAIAH HEADLEY, EDWIN IKENATA,                              **PLAINTIFFS DEMAND**
ALECIA BROWN-SMITH, REBECCA MARTINS,              **TRIAL BY JURY**
DARIA DIETZ, PATRICIA McCOLLIN,
and CITY OF NEW YORK,

                                    Defendants.
------------------------------------------------------------------------X

        Adult plaintiff and infant plaintiff, appearing by their attorneys, Lansner &

Kubitschek, hereby allege against defendants as follows:

## I. Preliminary Statement

        1.       This is a civil rights action, pursuant to 42 U.S.C. §1983, in which

plaintiffs seek declaratory and injunctive relief and damages to redress the deprivation, under

color of state law, of rights secured to them under the First, Fourth and Fourteenth Amendments

of the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights

under New York law. The action arose from defendants' illegal seizure and detention of infant

plaintiff from adult plaintiff without probable cause or due process of law, defendants'

interference with the liberty interest of adult plaintiff and infant plaintiff in each other's care, and

defendants' wrongful interference with the constitutional right of plaintiff and infant plaintiff to

live together free of government interference, even after infant plaintiff and was reunited with

adult plaintiff.

1

**II. Jurisdiction**

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343, which provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. The Court has pendent jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**III. Parties**

3.      Plaintiff Annalisa Vieira resides in the City and State of New York, with her child, infant plaintiff A.V., who was born in 2013.

4.      Defendant City of New York ("City") is a municipal corporation, incorporated pursuant to the laws of the State of New York.

5.      Defendant City's Administration for Children's Services ("ACS") is an agency/subdivision of the City of New York, which is authorized by New York State law to investigate reports of child abuse and neglect, remove children from their parents' custody, and to commence and continue child abuse and neglect proceedings against parents.

6.      Upon information and belief, defendant Isaiah Headley was employed during the years 2018 and 2019 by the City of New York as a child protective specialist for ACS.

7.      Upon information and belief, defendant Edwin Ikenata was employed during the years 2018 and 2019 by the City of New York as a supervisor for ACS.

8.      Upon information and belief, defendant Alecia Brown-Smith was employed during the years 2018 and 2019 by the City of New York as a child protective specialist for ACS.

9. Upon information and belief, defendant Rebecca Martin was employed during the years 2018 and 2019 by the City of New York as a supervisor for ACS.

10. Upon information and belief, defendant Daria Dietz was employed during the years 2018 and 2019 by the City of New York as a manager for ACS. Defendant Dietz is sued in her individual and official capacities.

11. Upon information and belief, defendant Patricia McCollin was employed during the years 2018 and 2019 by the City of New York as a director for ACS. Defendant McCollin is sued in her individual and official capacities.

### IV. Facts

12. At all times, other than the events described herein, adult plaintiff lived peacefully together with infant plaintiff.

13. Throughout A.V.'s life, plaintiff has worked to support herself and her son, infant plaintiff.

14. In 2018, plaintiff worked at a series of temporary clerical jobs, frequently on weekends. Plaintiff also attended school.

15. In 2018, when he was four years old, A.V. went to a day care center during the day. Plaintiff's mother sometimes cared for A.V. while plaintiff was working.

16. A.V.'s father, who did not live with plaintiff, would occasionally care for A.V. while plaintiff worked.

17. Plaintiff asked A.V.'s father, who did not work, to care for A.V. during the weekend of March 2-4, 2018, while plaintiff worked at a temporary clerical job. A.V.'s father agreed to pick-up A.V. on March 2, 2018, and to return A.V. on March 4, 2018, after plaintiff

finished her shift.

18. On March 3, 2018, plaintiff spoke by phone with A.V.'s father and A.V.

19. On March 4, 2018, plaintiff called A.V.'s father repeatedly, but A.V.'s father did not answer the phone.

20. Upon information and belief, on Sunday, March 4, 2018, while plaintiff was working, A.V.'s father went out drinking, and left A.V. alone in the apartment, without telling plaintiff.

21. Upon information and belief, when A.V.'s father returned to the apartment, under the influence of alcohol, A.V.'s father discovered that A.V. had found a bottle of Viagra pills and had tried to eat one or more of the pills.

22. Upon information and belief, A.V.'s father waited for about an hour before calling 911. The police arrived, along with EMS. The police arrested A.V.'s father, and EMS took A.V. to the hospital.

23. Upon information and belief, the police made a report to the State Central Register of Child Abuse and Maltreatment, alleging that A.V. was a victim of child abuse or maltreatment and that A.V.'s father inflicted the abuse or maltreatment

24. The report was transmitted to defendant City's Administration for Children's Services, which assigned defendant Headley to investigate the matter and assigned defendant Ikenata to supervise defendant Headley.

25. Defendant Headley failed to contact plaintiff, although A.V.'s father had provided plaintiff's address and telephone number to defendants.

26. Upon information and belief, defendant Ikenata was aware that defendant

4

Headley did not contact plaintiff.

27.     Upon information and belief, on March 4, 2018, defendant Headley, with the knowledge and consent of defendant Ikenata, took infant plaintiff A.V., who was unharmed, from the hospital and into the custody of defendant City.

28.     Upon information and belief, defendant Headley, with the knowledge and consent of defendant Ikenata, placed A.V. in the care of a neighbor of A.V.'s father whom defendants knew to have a criminal record, without conducting any investigation into the fitness of the neighbor to care for A.V.

29.     On the morning of March 5, 2018, the neighbor's son informed plaintiff that the Administration for Children's Services had removed A.V. from his father.

30.     Plaintiff immediately began to search for A.V.  She tried many times to contact defendants, but her attempts were unsuccessful.

31.     Upon information and belief, on March 5, 2018, defendants transferred the investigation of the maltreatment of A.V. to defendant Brown-Smith, to be supervised by defendants Martin, Dietz, and McCollin.

32.     Upon information and belief, on March 5, 2018, defendant Brown-Smith, with the knowledge and consent of defendants Martin, Dietz, and McCollin, commenced child neglect proceedings against A.V.'s father in the Family Court of the State of New York.

33.     Defendants Brown-Smith, Martin, McCollin, and Dietz did not make any accusations whatsoever against plaintiff.

34.     Upon information and belief, on March 5, 2018, defendant Brown-Smith appeared in the Family Court and sought an order, with the knowledge and consent of defendants

5

Martin, McCollin, and Dietz, to continue A.V. in the custody of defendant City.

35.     Upon information and belief, on March 5, 2018, defendants Brown-Smith, Dietz, McCollin, and Martin, through counsel, advised the Family Court judge that defendants could not locate plaintiff.

36.     That statement was false.  All defendants knew plaintiff's address and phone number, but none of the defendants provided plaintiff with notice that they had removed A.V., that they planned to go to court and file child neglect charges against plaintiff's father, or that they planned to seek an order keeping A.V. in the City's custody.

37.     Upon information and belief, based upon said false statements,  the Family Court judge ordered that A.V. be detained from adult plaintiff and kept in the custody of the defendants.

38.     On March 5, 2018, before, during, and after defendant Brown-Smith's appearance in court, plaintiff tried desperately to locate A.V.  Plaintiff made many phone calls to defendants' office, all of which were unsuccessful.

39.     Eventually, on March 6, 2018, plaintiff reached defendant Brown-Smith by telephone, and learned that defendants had obtained a court order giving defendant City custody of A.V.

40.     Plaintiff then went to defendant Brown-Smith's office and begged defendant Brown-Smith to return A.V., but defendant Brown-Smith refused, advising plaintiff only that A.V.'s case would be heard in the Family Court on March 8, 2018.

41.     On March 8, 2018, plaintiff went to the Family Court and begged the judge to return her son to her custody.

42. Upon information and belief, defendant Brown-Smith, acting pursuant to instructions of defendants Martin, McCollin, and Dietz, advised the Family Court, falsely, that A.V. lived with his father and not with plaintiff.

43. In court, defendants Brown-Smith, Martin, McCollin, and Dietz, through counsel, refused to reunite A.V. with plaintiff, claiming, falsely, that plaintiff was not fit to care for A.V.

44. Upon information and belief, based solely upon defendants' false statements, the Family Court judge acceded to defendants' request that A.V. remain in government custody.

45. Defendants did not reunite A.V. with plaintiff until the court ordered defendants to do so, on March 13, 2018.

46. Although defendants know that plaintiff was a loving and caring mother, who had never mistreated her son in any way, since March 13, 2018, defendants have conducted more than 50 searches of plaintiffs' home, without probable cause and without consent.

47. Defendants' unconstitutional searches have continued to the present date.

**V. First Cause of Action**

48. Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

49. Upon information and belief, during the year 2018 and continuing to the present, defendant City had a policy and/or practice of removing and detaining children from parents who did not abuse, neglect, or endanger the children, without probable cause, without due process of law, based solely upon accusations against the children's other parent.

7

50.     The policy that one parent's mistreatment of a child is attributed to the other parent unconstitutionally shifts the burden to the innocent parent to prove a negative, that she did not abuse or neglect her child.

51.     Acting pursuant to said policies and practices, defendants Headley and Ikenata removed and detained infant plaintiff from the custody of adult plaintiff, and interfered with the relationship between adult plaintiff and infant plaintiff, without probable cause and without due process of law.

52.     Acting pursuant to said policies and practices, defendants Brown-Smith, Dietz, McCollin, and Martins detained infant plaintiff from adult plaintiff, and interfered with the relationship between adult plaintiff and infant plaintiff, without probable cause and without due process of law.

53.     Said policies and/or practices, and the removal and detention of infant plaintiff, constituted an unlawful seizure of infant plaintiff, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Said policies and/or practices, and their implementation, were gross deviations from acceptable professional conduct.

54.     Said policies and/or practices constituted an unlawful interference with adult plaintiff's liberty interests in the care and custody of her child and her right of intimate association with her child, in violation of the First and Fourteenth Amendments to the United States Constitution.

55.     Said policies and/or practices, and the removal and detention of infant plaintiff, constituted an unlawful deprivation of infant plaintiff's liberty interest in his family, and infant plaintiff's right to intimate association with his mother, in violation of the First and

Fourteenth Amendments to the United States Constitution.

56.     As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## VI. Second Cause of Action

57.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

58.     Defendant City provided grossly inadequate and unprofessional training and supervision to its agents and employees regarding:

a. investigating child abuse and neglect cases;

b. determining whether there exists probable cause to believe that continuing in the care of a parent presents an imminent danger to the child's life or health;

c. determining whether there exists probable cause to believe that returning to the care of an unaccused parent presents an imminent danger to the child's life or health;

d. the provision of adequate notice and an opportunity to be heard prior to, or immediately after, the removal of a child; and,

e. the constitutional rights of parents and children in child abuse investigations..

59.     Defendant City knew or should have known that its employees were improperly trained and supervised in said issues.

60. Defendant City knew or should have known that their employees would confront said issues, and that, without training, would make the wrong decisions on said issues.

61. By reason of their lack of training and/or supervision, defendants Headley and Ikenata took infant plaintiff into government custody on March 4, 2018.

62. By reason of their lack of training and/or supervision, defendants Brown-Smith, Dietz, McCollin, and Martins detained infant plaintiff from adult plaintiff, without notice to plaintiff, without constitutionally-adequate investigation, without probable cause, and without due process of law.

63. As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, and incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## VII. Third Cause of Action

64. Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

65. Upon information and belief, defendant City had a policy and or practice of conducting multiple and repeated searches of the homes of innocent parents, without consent and without probable cause, based solely on the pendency of child neglect charges against the children's other parents.

66. Acting pursuant to said policy, defendants Brown-Smith, Martins, Dietz, McCollin, and other ACS employees conducted multiple, non-consensual searches of plaintiff's home, without probable cause, and in violation of the Fourth Amendment of the United States

Constitution.

67.    As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, and incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## VIII. Fourth Cause of Action

68.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

69.    By removing and detaining the infant plaintiff from adult plaintiff, all defendants unlawfully interfered with adult plaintiff's custody of her child, in violation of New York law.

70.    As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, and incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## IX. Fifth Cause of Action

71.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

72.    By removing and detaining infant plaintiff, defendants unlawfully imprisoned infant plaintiff.

73.    As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, and incurred expenses;

infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## X. Sixth Cause of Action

74.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

75.     In removing infant plaintiff and detaining infant plaintiff, defendants violated infant plaintiff's right to be free of unlawful searches and seizures, protected by the Fourth Amendment of the United States Constitution.

76.     As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

## XI. Seventh Cause of Action

77.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs herein.

78.     All of the defendants had a duty to act with reasonable care toward plaintiff and with the highest degree of care toward the infant plaintiff.

79.     Defendants' removal and detention of the infant plaintiff constituted gross breaches of said duty and gross deviations from accepted professional standards.

80.     As a result of all defendants' actions, adult plaintiff suffered the loss of the custody of her child, the invasion of the privacy of her home and family, and incurred expenses; infant plaintiff suffered the loss of liberty and of the care and guidance of his mother, and both

plaintiffs suffered ongoing humiliation, pain and suffering, terror, and mental anguish.

**WHEREFORE** plaintiffs respectfully request that judgment be entered:

1. Declaring unconstitutional the policy of defendant City of removing children from innocent parents solely because the children's other parent has allegedly abused or neglected the children;

2. Declaring unconstitutional the policy and/or practice of conducting repeated searches of the homes of innocent parents without probable cause, based solely upon the allegations that the children's other parent has abused or neglected them;

3. Enjoining defendants from searching or entering plaintiff's home without a court order or warrant, issue upon probable cause; and

4. Awarding adult plaintiff and the infant plaintiff full and fair compensatory damages as decided by the jury; and

5. Awarding adult plaintiff and the infant plaintiff full and fair punitive damages as decided by the jury; and

6. Awarding plaintiffs interest from March 4, 2018, and

7. Awarding plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988; and

8. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      January 25, 2021               s/ Carolyn A. Kubitschek
                                        Carolyn A. Kubitschek
                                        Lansner & Kubitschek
                                        Attorneys for plaintiffs
                                        325 Broadway, Suite 203
                                        New York, New York  10007
                                        212-349-0900
                                        Ckubitschek@lanskub.com