UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANNALISA VIEIRA, et al.,

                         Plaintiffs,

         -against-

ISAIAH HEADLEY, et al.,

                        Defendants.

21-CV-648 (PAC)

**STIPULATED PROTECTIVE ORDER**

-------------------------------------------------

**WHEREAS**, Plaintiff Annalisa Vieira, individually and on behalf of A.V. ("Plaintiffs"), filed this action on or about October 26, 2020 against Defendants Lakeasha Williams, Miriam Ortiz-Downes, Glenn Hyman, Kai Hayes, Edward O'Connor, Annemarie Fuschetti, Keren Ennette, Carmela Montanile, Ebony Russell, Tonya Wheelock, and the City of New York (collectively, "Defendants," and with Plaintiffs, the "Parties"; each party individually shall be designated in this Protective Order as a "Party");

**WHEREAS**, the Parties are engaged in discovery in this action that requires the production of documents and information that the Parties deem to be confidential;

**WHEREAS**, this Protective Order is intended to allow the Parties to designate material as confidential, and to limit the use and re-disclosure of those documents or that information;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1.  As used herein, "Confidential Material" shall mean the following documents, whether or not embodied in any physical or electronic medium, and any and all information contained within those documents: (i) any and all investigative or case files maintained by New York City Administration for Children's Services ("ACS") in which Plaintiffs are the subject of a report of child abuse or neglect; (ii) all documents containing personally identifying information, contact information (including, without limitation, personal email addresses), employment history or family history of any present or former employee of the City of New York; (iii) personnel files (including, without limitation, disciplinary records) of any present or former employee of the Defendants; (iv) all documents deemed confidential by operation of federal law; (v) any other documents or information that the Parties' counsel agree, in writing, be treated as confidential; or (vi) any other category of information given confidential status by this Court after the date of this Order.

2.  A Party may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by marking with the legend "CONFIDENTIAL" each page containing such information that it sends to the receiving Parties.

3.  No document or information shall be deemed "Confidential Material" to the extent that it is (i) lawfully obtained by the receiving Parties from a source other than a disclosing Party in the course of this litigation; or (ii) otherwise publicly available.

4.  The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as

Confidential Material. Upon receiving reasonable notice from the producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

5. Parties and their counsel shall not use any Confidential Material for any purpose other than for the preparation or presentation of the Parties' case in this action, and shall not produce or disclose Confidential Material to any third-party, except pursuant to the terms of paragraph 6 below.

6. Unless otherwise ordered by the Court or agreed to by Parties' counsel in writing, Confidential Material may be disclosed only to:

    a. The named parties;

    b. The Parties' counsel, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation or presentation of the Parties' case in this action;

    c. The Parties' experts and consultants, as necessary for the preparation or presentation of the Parties' case in this action in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    d. Any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation

and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

e. any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

f. court reporters, as necessary for the conduct of this litigation; and

g. the Court, pursuant to the provisions of Paragraph 10 of this Protective Order.

7. As used herein, disclosure of Confidential Material includes the written or oral transmission of the document or information designated as Confidential Material.

8. A Party's counsel may disclose Confidential Material, and/or the information contained therein, to a person identified in sub-paragraphs 6(a), 6(c), 6(d), and/or 6(e) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. A Party's counsel shall retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to counsel for the disclosing Party upon request and before any person to whom such Confidential Material is disclosed is permitted to testify (at deposition or trial).

9. Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." These portions of the transcript shall be deemed to be Confidential Material within the meaning of this Protective Order. In addition, those portions of the transcript concerning any Confidential Material shall be deemed designated as such: (a) if Defendants' counsel so states before the close of the record at a deposition, or (b) upon written notice to Parties' counsel, designating the page and line, within fifteen days of receipt of the transcript. Parties' counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form attached as Exhibit A.

10. If any Party seeks to file papers with the Court that incorporate Confidential Material or reveal the contents thereof, he or she shall make an application to the Court consistent with the Court's rules for permission to file under seal the specific portions of those papers disclosing the Confidential Material and shall indicate whether the disclosing Party objects to that request.

11. If a Party believes that the disclosing Party has designated information "Confidential" that is not entitled to such protection, then within 30 days of the receipt of the Confidential material, such party may write a letter to the disclosing Party's counsel asking that the Confidential Material designation be removed or modified and explaining the reason(s) why the Party does not believe that the information is entitled to the designated protection. The disclosing Party shall respond to the objection in writing

within fourteen (14) days, and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void. If a timely written response to the objection is made, the Parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request, within 30 days, appropriate relief from the Court consistent with the Court's discovery rules. Any disputed documents shall be treated as Confidential Material until the parties resolve the dispute or the Court issues its ruling regarding the disputed confidentiality designations.

12. Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

13. Nothing in this Protective Order will prevent the Parties from producing any Confidential Material in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that the Parties give written notice to the disclosing Party's counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the disclosing Defendants will bear the burden to oppose compliance with the subpoena, other

compulsory process, or other legal notice if the disclosing Defendants deem it appropriate to do so.

14. This Protective Order shall be without prejudice to the right of the disclosing Party to oppose production of any document or information on any and all grounds other than confidentiality.

15. Within 30 days after the termination of this case, including any appeals, any Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for disclosing Defendants or, upon the written consent of disclosing Defendants' counsel, shall be destroyed, except that counsel for the Parties may retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order." All persons who have received or who have possessed Confidential Material pursuant to paragraph 6(a)-(e) shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for disclosing Defendants.

16. Nothing in this Stipulated Protective Order shall be construed to limit the disclosing Parties' use of Confidential Material in any manner.

17. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

18. Electronic or faxed copies of signatures of this Protective Order shall have the same force and effect as original signatures.

Dated:   New York, New York
         August 19, 2021

**OFFICE OF THE
CORPORATION COUNSEL**

By: _____
    Brian Krist

GEORGIA PESTANA
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, 2nd Floor
New York, New York 10007
(212)

**Lansner & Kubitschek**

By: _____
    Carolyn A. Kubitschek

Attorneys for Plaintiffs
325 Broadway, Suite 203
New York, New York 10007
(212) 349-0900

**SO ORDERED:**

Dated:   8/20/2020
         New York, New York

_____
Hon. Paul A. Crotty